IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MURALIDHARAN KRISHNAN, | § | |
| | § | |
| *Appellant,* | § | |
| | § | CIVIL ACTION No. 4:16-CV-572 |
| v. | § | |
| | § | JUDGE RON CLARK |
| J.P. MORGAN CHASE BANK, N.A., et al., | § | |
| | § | AFC |
| *Appellees.* | § | |

## MEMORANDUM OPINION ON CONSOLIDATED APPEALS FROM BANKRUPTCY COURT

Muralidharan Krishnan, proceeding pro se, has brought these two consolidated appeals, seeking to overturn the bankruptcy court's Orders dismissing his adversary proceeding, denying confirmation of his amended Chapter 13 bankruptcy plan, dismissing his bankruptcy petition, and awarding Collin County $1,785.00 in attorney's fees. The court cannot say that the bankruptcy court erred in denying confirmation of Mr. Krishnan's bankruptcy plan. The bankruptcy court did not abuse its discretion by dismissing Mr. Krishnan's bankruptcy petition after failing to confirm a bankruptcy plan twice or by awarding attorney's fees to Collin County. Since the bankruptcy court's decision to dismiss Mr. Krishnan's bankruptcy petition is affirmed, the court will also affirm the bankruptcy court's dismissal of the adversary proceeding without prejudice. The court AFFIRMS the bankruptcy court's Order dismissing Mr. Krishnan's bankruptcy petition, the bankruptcy court's Order dismissing Mr. Krishnan's adversary proceeding, and the bankruptcy court's attorney's fees award.

# I. BACKGROUND

The procedural background of this case is rather complex, involving a civil suit brought in the district court and two proceedings initiated in the bankruptcy court.

## A. *The District Court Suit*

Prior to filing for bankruptcy, Mr. Krishnan and his wife, Indiragandhi Kenthapadi, filed a pro se suit ("District Court Suit") against J.P. Morgan, Barret Daffin Frappier Turner & Engel, LLP (BDFTE), Greg Bertrand, Deauc Caufield, Alison Grant, Michael Harrison, Becky Howell, and Pete Nantirux. District Court Suit, 4:15-CV-632, Petition, DOC. # 3. Many of the defendants in this initial action are also Appellees in these appeals. *Id.* This first suit was originally filed in the 416th District Court of Collin County, Texas. District Court Suit, 4:15-CV-632, Notice of Removal, DOC. # 1.

Mr. Krishnan and his wife claim to be the current owners of property located at 8528 Maltby Court, Plano, Texas 75024 ("the Property"). District Court Suit, 4:15-CV-632, Petition, DOC. # 3, p. 4. Mr. Krishnan and his wife allege that J.P. Morgan and the rest of the defendants were improperly attempting to foreclose on the Property pursuant to invalid liens. *Id.* Their theory is that the defendants fraudulently filed two Appointments of Substitute Trustee with the Collin County office. *Id.* at p. 5. Allegedly, the signatories on the two Appointments, Myrtle Cox and Bubba Fangman, have criminal histories and are not in fact employees of J.P. Morgan. *Id.* at pp. 6–7. Mr. Krishnan and his wife alleged that either J.P. Morgan forged the signatures of Ms. Cox and Mr. Fangman on the two Appointments, or Ms. Cox and Mr. Fangman themselves signed the Appointments falsely claiming to be employees of J.P. Morgan. *Id.* at p. 4. Either way, Mr. Krishnan and his wife claimed that these activities void any interest that J.P. Morgan has in the Property.

2

Mr. Krishnan and his wife claimed that this alleged fraudulent activity was a violation of multiple federal and state laws, including mail fraud and wire fraud. *Id.* at p. 6. They also claimed that the defendants discriminated against them based on their national origin. *Id.* at p. 7.

On September 16, 2015, J.P. Morgan removed Mr. Krishnan and his wife's suit to this court. District Court Suit, 4:15-CV-632, Notice of Removal, DOC. # 1. J.P. Morgan argued that both federal question and diversity jurisdiction existed. *Id.* at p. 3. The case was referred to the Honorable Don Bush, United States Magistrate Judge for the Eastern District of Texas, and assigned the case number 4:15-CV-632.

On February 24, 2016, Judge Bush held a hearing to decide whether J.P. Morgan and the other defendants in the District Court Suit should be preliminarily enjoined from foreclosing on the Property. District Court Suit, 4:15-CV-632, Minutes, DOC. # 53. On February 25, 2016, Judge Bush recommended that a preliminary injunction be denied. District Court Suit, 4:15-CV-632, Report & Recommendations, DOC. # 56. He specifically found that both Ms. Cox and Mr. Fangman worked for J.P. Morgan at the time the contested Appointments were signed. *Id.* at pp. 3–4. Judge Bush concluded that Mr. Krishnan and his wife had failed to establish a likelihood of success on the merits, which is needed to justify a preliminary injunction. *Id.* at p. 5.

*B. The Main Bankruptcy Action*

Seemingly in response to Judge Bush's Report and Recommendation, and before the district judge had a chance to adopt the Report, Mr. Krishnan filed for bankruptcy on February 26, 2016, under Chapter 13 of the Bankruptcy Code. Bankr. Case, 16-40342, Petition, DOC. # 1. In response to the bankruptcy, Judge Bush stayed the District Court Suit. District Court Suit, 4:15-CV-632, Order, DOC. # 64.

The bankruptcy action was assigned to the Honorable Brenda T. Rhoades, United States Bankruptcy Judge for the Eastern District of Texas, and given the cause number 16-40342. Carey Ebert was appointed the trustee of Mr. Krishnan's bankruptcy estate ("Trustee").

In the bankruptcy action, J.P. Morgan filed two claims of $74,485.15 and $94,110.63. Bankr. Case, No. 16-40342, Claim 4-1; Bankr. Case, No. 16-40342, Claim 5-1. J.P. Morgan's first claim was based on a home equity line of credit for $63,000.00 executed by Mr. Krishnan and his wife, Indiraghandhi Kenthapadi, on May 22, 2006 ("Line of Credit"). Bankr. Case, No. 16-40342, Claim 4-1, p. 10. This Line of Credit was secured by a Deed of Trust that attached to the property. *Id.* at p. 10. J.P. Morgan's second claim is based on a separate Promissory Note executed by Mr. Krishnan and his wife on November 23, 2004, for $81,124.68 ("Promissory Note"). Bankr. Case, No. 16-40342, Claim 5-1, Part 4, p. 2. The Promissory Note is secured by a separate Deed of Trust that attaches to the Property. Bankr. Case, No. 16-40342, Claim 5-1, Part 5. It appears that these are the two loans that Mr. Krishnan claims were invalidated due to the alleged fraudulent Appointments.

On March 31, 2016, Mr. Krishnan filed his first proposed Chapter 13 plan. Bankr. Case, No. 16-40342, Chapter 13 Plan, DOC. # 16. Under this first plan, Mr. Krishnan would have been required to make 36 monthly payments of $200 for a total payment of $7,200.00. *Id.* at p. 1. Mr. Krishnan's first plan provided that J.P. Morgan's claims would be paid from this $7,200.00 amount on a pro rata basis. *Id.* at p. 3. Both J.P. Morgan and the Trustee objected to the confirmation of this Plan.

On May 19, 2016, Judge Rhoades denied confirmation of Mr. Krishnan's first plan. Bankr. Case, 16-40342, Order, DOC. # 26. Judge Rhoades further ordered that Mr. Krishnan should file a new Chapter 13 plan within thirty days of that Order. *Id*. Judge Rhoades specifically warned Mr.

Krishnan that "in the event the Debtor thereafter fails to confirm [a] new Chapter 13 Plan . . . this Chapter 13 case shall be dismissed." *Id.*

On June 15, 2016, Mr. Krishnan filed an Amended Chapter 13 Plan. Bankr. Case, 16-40342, Amended Chapter 13 Plan, DOC. # 28. In this new Plan, Mr. Krishnan promised to pay $200.00 a month for the first three months of the Plan. *Id.* at p. 1. After the first three months, Mr. Krishnan would then begin paying $460.00 per month for 57 months, at which time the Plan would terminate. *Id.* This came to a total amount of $26,820.00 in payments. *Id.*

Both J.P. Morgan and the Trustee objected to the confirmation of the Amended Plan. J.P. Morgan objected because the Amended Plan did not provide any method for paying its claims. Bankr. Case, 16-40342, Objection, DOC. # 33. Both J.P. Morgan and the Trustee also objected on the basis that it did not appear from Mr. Krishnan's filings that he would be able to make all the payments required under the Amended Plan. *Id.*; Bankr. Case, 16-40342, Trustee's Report, DOC. # 34.

On October 11, 2016, Judge Rhoades issued an Order denying confirmation of Mr. Krishnan's Amended Plan. Bankr. Case, 16-40342, Order, DOC. # 38. Judge Rhoades found that Mr. Krishnan had failed to confirm a Chapter 13 plan within the time designated by her May 19th Order and that the failure to confirm a plan was prejudicial to Mr. Krishnan's creditors. *Id.* Judge Rhoades dismissed Mr. Krishnan's bankruptcy proceeding with prejudice to him filing another bankruptcy petition for 120 days. *Id.*

On October 25, 2016, Mr. Krishnan appealed Judge Rhoades' dismissal to this court. Bankr. Case, 16-40342, Notice of Appeal, DOC. # 44.

*C. The Adversary Proceeding*

On March 31, 2016, the same date on which he filed his first proposed Chapter 13 plan, Mr. Krishnan filed an adversary proceeding in the Chapter 13 bankruptcy proceeding. Adversary Proceeding, 16-04033, Complaint, DOC. # 1. This adversary proceeding was assigned the cause number 16-04033. In this new proceeding, Mr. Krishnan raised largely the same claims he raised in the District Court Suit, mainly that J.P. Morgan and others fraudulently signed the names of Myrtle Cox and Bubba Fangman. *Id.* The only major differences were that Mr. Krishnan raised new claims based on a signature by Caryn Barron, and Ms. Barron, Bubba Fangman, and Myrtle Cox were all added as defendants in the proceeding. *Id.*

On May 2, 2016, J.P. Morgan and BDFTE both filed motions to dismiss the adversary proceeding, claiming that the Complaint failed to state a claim on which relief could be granted. Adversary Proceeding, 16-04033, Motions to Dismiss, DOC. ## 16, 17. On May 18, 2016, Judge Rhoades set both motions to dismiss for a hearing on June 21, 2016.

In the days leading up to the hearing, Mr. Krishnan served numerous subpoenas on various individuals, seeking to force them to appear at the June 21st hearing. Two of the individuals served with subpoenas were Brenda Cavender and Greg Bowers, both employees of Collin County. Adversary Proceeding, 16-04033, Exhibits to Amended Motion to Quash, DOC. ## 29-1, 29-2. On June 7, 2016, Collin County moved to quash these subpoenas and requested an award of attorney's fees for having to file the motion to quash. Adversary Proceeding, 16-04033, Amended Motion to Quash, DOC. # 29. On June 8, 2016, Judge Rhoades granted Collin County's motion to quash but reserved her ruling on the attorney's fees request until the June 21st hearing. Adversary Proceeding, 16-04033, Order, DOC. # 35.

On June 21, 2016, Judge Rhoades held the hearing on the motions to dismiss and Collin County's request for attorney's fees. At that hearing, Judge Rhoades suggested that she was granting BDFTE's motion to dismiss for failure to state a claim. Transcript of Hearing, DOC. # 12, pp. 21:12–18. She also stated that Mr. Krishnan's claims against Becky Howell, Pete Nantirux, and Michael Harrison would be dismissed for failure to state a claim as well. Transcript of Hearing, DOC. # 12, pp. 21:25–22:7. As to the remaining parties, Judge Rhoades dismissed Mr. Krishnan's claims, stating that she is required to abstain under 28 U.S.C. § 1334. Transcript of Hearing, DOC. # 12, pp. 22:5–14. Judge Rhoades also granted Collin County's request for attorney's fees, ordering Mr. Krishnan to pay $1,785.00, which accounted for 11.9 hours worked at $150 per hour. Transcript of Hearing, DOC. # 12, pp. 22:24–23:5.

On June 29, 2016, Judge Rhoades issued written Orders dismissing the Adversary Proceeding and granting Collin County's request for attorney's fees. Adversary Proceeding, 16-04033, Orders, DOC. ## 52, 53. Despite Judge Rhoades' statements at the hearing, the written Order dismissing the case relied solely on mandatory abstention under 28 U.S.C. § 1334(c). Adversary Proceeding, 16-04033, Dismissal Order, DOC. # 52. There were no ambiguities between the Order granting Collin County's request for attorney's fees and the ruling Judge Rhoades made at the hearing. Adversary Proceeding, 16-04033, Atty's Fees Order, DOC. # 53.

On August 1, 2016, Mr. Krishnan appealed both these Orders. Adversary Proceeding, 16-04033, Notice of Appeal, DOC. # 59.

### III. DISCUSSION

Mr. Krishnan raises four main issues in these consolidated appeals:

1. Whether the bankruptcy court erred in denying confirmation of his Amended Chapter 13 Plan;

2. Whether the bankruptcy court erred in dismissing Mr. Krishnan's bankruptcy proceeding;

3. Whether the bankruptcy court erred in dismissing Mr. Krishnan's adversary proceeding; and

4. Whether the bankruptcy court erred in granting Collin County's request for attorney's fees.

These issues are largely gleaned from Mr. Krishnan's briefs given the incoherent nature of his briefs. The court will address each issue in turn.

**A. Standard of Review**

The bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions and any mixed questions of law and fact are reviewed de novo. *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008).

**B. The bankruptcy court did not err when it denied confirmation of the Amended Chapter 13 Plan.**

Mr. Krishnan does not state the reasons why the bankruptcy court denied confirmation of his Amended Chapter 13 Plan but instead reiterates his arguments that the two loans from J.P. Morgan are invalid based on fraud. The only new details he provides is that the creditors who objected to the confirmation of his Amended Chapter 13 Plan had agreed to a conditional confirmation subject to the outcome of this court's decision on the dismissal of the Adversary Proceeding as well as bringing new allegations that the loans are invalid based on the statute of limitations. Mr. Krishnan argues that the bankruptcy court erred by (1) not confirming the Amended Chapter 13 Plan despite the agreement by the creditors to a conditional confirmation, (2) failing to wait until after this court had decided Mr. Krishnan's appeal of the dismissal of his Adversary Proceeding, and (3) failing to hold an evidentiary hearing.

On October 5, 2016, the bankruptcy court held a confirmation hearing to determine

whether Mr. Krishnan's Amended Chapter 13 Plan should be confirmed. Mr. Krishnan did not provide the court with a transcript of the confirmation hearing. The bankruptcy court's Order denying confirmation of the Amended Chapter 13 Plan did not provide the basis for the denial. Bankr. Case, 16-40342, Order, DOC. # 38. It is therefore unclear on the record before the court what the bankruptcy court's reasons were for denying confirmation.

Without knowing the exact basis the bankruptcy court gave for denying confirmation, this court cannot determine whether Mr. Krishnan's arguments have merit. The fact that the creditors may have agreed to conditional confirmation does not mean that the bankruptcy court must automatically confirm an otherwise deficient plan. *See In re Young Broad., Inc.*, 430 B.R. 99, 139 (Bankr. S.D.N.Y. 2010); *In re Bolton*, 188 B.R. 913, 915 (Bankr. D. Vt. 1995). Further, Mr. Krishnan does not explain why his fraud and statute of limitations arguments require confirmation of the Plan.

The Fifth Circuit has held that "[i]t is an elementary proposition, and the supporting cases [are] too numerous to cite, that [an appellate court] may 'affirm the district court's judgment on any grounds supported by the record.'" *Sobranes Recovery Pool I v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007) (quoting *Sojourner T v. Ieyoub*, 974 F.2d 27, 30 (5th Cir. 1992)). There is no reason why that same principal should not be applied to bankruptcy appeals. *See Jackson v. Astrue*, No. 3:12-CV-0927-BK, 2012 WL 4793441, at *5 n.2 (N.D. Tex. Oct. 9, 2012) ("Nevertheless, in its capacity as an appellate court in this matter, this Court can affirm for any reason that appears in the record.").

Both J.P. Morgan and the Trustee objected that the proposed plan was not feasible because Mr. Krishnan would not be financially capable of making the payments. The proposed plan provided for payments of $200.00 per month for the first three months followed by 57 monthly

payments of $460.00. Bankr. Case, 16-40342, Amend. Chap. 13 Plan, DOC. # 28. According to Mr. Krishnan's most recent Schedule I, his gross income minus living expenses amounted to $144.25. Bankr. Case, 16-40342, DOC. # 22, p. 6. Based on this evidence, it is highly doubtful that Mr. Krishnan would have been able to make all the payments under the proposed plan.

Many courts have denied confirmation when it is speculative or unclear whether the debtor will be capable of making all the payments required under the plan. *In re Slabbed New Media, LLC*, 557 B.R. 911, 916–18 (S.D. Miss. 2016); *In re Geijsel*, 480 B.R. 238, 272–74 (Bankr. N.D. Tex. 2012); *In re Ballard*, 4 B.R. 271, 277–78 (Bankr. E.D. Va. 1980). Under the current record, the court cannot say that the bankruptcy court erred in denying confirmation of the Amended Plan.

**C. The bankruptcy court did not err in dismissing Mr. Krishnan's Chapter 13 Petition.**

After denying confirmation of the Amended Chapter 13 Plan, the bankruptcy court dismissed Mr. Krishnan's Chapter 13 Petition pursuant to 11 U.S.C. § 1307(c). Bankr. Case, 16-40342, DOC. # 38, p. 1. 11 U.S.C. § 1307(c) states that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors; . . . [and] (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan." 11 U.S.C. § 1307(c)(1), (5). A bankruptcy court is allowed to dismiss a proceeding sua sponte for failing to meet the requirements of §1307. *See* 11 U.S.C. § 105(a); *Matter of Hammers*, 988 F.2d 32, 34–35 (5th Cir. 1993). A bankruptcy court's dismissal under 11 U.S.C. § 1307 is reviewed for an abuse of discretion. *In re Mallory*, 476 F. App'x 766, 767 (5th Cir. 2012). The court will not reverse for abuse of discretion unless the bankruptcy court's "factual findings are clearly erroneous or incorrect legal standards were

applied." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 361 (5th Cir. 2014) (quoting *Latvian Shipping Co. v. Baltic Shipping Co.*, 99 F.3d 690, 692 (5th Cir. 1996)).

The bankruptcy court's dismissal Order did not state the specific section of 1307(c) on which it intended to base the dismissal. The bankruptcy court found that "[t]he failure of the Debtor to confirm a Chapter 13 Plan in this case after two confirmation hearings having been set constitutes an unreasonable delay by the Debtor that is prejudicial to creditors." Bankr. Case, 16-40342, Dismissal Order, DOC. # 38, p. 1. Mr. Krishnan's brief does not provide evidence to counter the bankruptcy court's finding. The court cannot find any evidence that the bankruptcy court's finding was erroneous. The court cannot find any clear error with the bankruptcy court's finding that Mr. Krishnan's failure to confirm a Chapter 13 plan after two confirmation hearings was an unreasonable delay causing prejudice to his creditors. The court affirms the bankruptcy court's dismissal of Mr. Krishnan's bankruptcy proceeding pursuant to 11 U.S.C. § 1307(c)(1).

Further, in the Order denying confirmation of Mr. Krishnan's first plan, which was signed on May 19, 2016, the bankruptcy court specifically stated that

> in the event the Debtor fails to file a new Chapter 13 Plan within thirty (30) days of the date of this Order, absent a further order of the Court extending such deadline for cause shown, or in the event the Debtor thereafter fails to confirm such new Chapter 13 Plan upon consideration by the Court under its normal procedures, this Chapter 13 case shall be dismissed, pursuant to §349(a) of the Bankruptcy Code, without further notice or hearing and ***with prejudice*** to the rights of the Debtor to file a subsequent petition under any of the provisions of Title 11, United States Bankruptcy Code, for a period of one hundred twenty (120) days from the entry of the order of dismissal, and the Chapter 13 Trustee shall be authorized, following the payment of any allowed administrative expenses, to remit any sums remaining in her possession to the Debtor.

Bankr. Case, 16-40342, Dismissal Order, DOC. # 38, p. 1. As stated above, the bankruptcy court did not err in denying confirmation of Mr. Krishnan's Amended Plan. When dismissal is based on

§1307(c)(5), the bankruptcy court must normally allow the debtor at least one opportunity to modify his plan before dismissing the bankruptcy proceeding. *See In re Nelson*, 343 B.R. 671, 676 (B.A.P. 9th Cir. 2006). Here the bankruptcy court gave Mr. Krishnan two chances to confirm a Chapter 13 plan. Mr. Krishnan was specifically warned that failure to confirm his Amended Plan would result in dismissal with prejudice of his bankruptcy proceeding. The court concludes that the bankruptcy court was well within its discretion to dismiss the Bankruptcy Proceeding under 11 U.S.C. § 1307(c)(5). The court affirms the bankruptcy court's dismissal based on §1307(c)(5).

**D. The court will affirm the bankruptcy court's dismissal of Mr. Krishnan's Adversary Proceeding without prejudice.**

As stated above, the court is affirming the bankruptcy court's dismissal of Mr. Krishnan's Bankruptcy Petition. "Generally, it is accepted that the dismissal of an underlying bankruptcy case should usually result in the dismissal of all related adversary proceedings; however, this result is not mandatory and for good cause shown the presiding court is vested with discretion to retain the adversary proceeding in the interest of justice." *In re Moseley*, 161 B.R. 382, 384 (Bankr. E.D. Tex. 1993). "Some of the factors mentioned as bearing on the court's ultimate decision to retain or dismiss a related adversary proceeding include 'judicial economy, fairness and convenience to the parties and the degree of difficulty of the state law issues involved.'" *Id.* (quoting *In re Stardust Inn, Inc.*, 70 B.R. 888, 891 (Brankr. E.D. PA. 1987)). Other factors include whether dismissal would cause "extreme prejudice to a party" or if dismissal would result "in leaving a party without an adequate remedy at law." *In re Moseley*, 161 B.R. at 384.

These factors all weigh in favor of dismissal. Currently, Mr. Krishnan's claims are pending before this court in the District Court Suit. That suit is currently assigned to the undersigned for final disposition and trial. Due to the numerous judicial vacancies in this district, the undersigned

must preside over four different divisions and an extensive docket. It wastes judicial resources to have the same claims pending in two separate cases before the same judge when those claims can be handled in a single suit.

It would also be more fair and convenient to the parties if Mr. Krishnan's claims proceed in the District Court Suit, especially since this court would be able to directly review the issues raised by the parties as opposed to undergoing extensive briefing and appellate procedures whenever the parties desire to have the bankruptcy court's decisions reviewed.

The issues raised by Mr. Krishnan's claims do not appear particularly novel or difficult. Further, Mr. Krishnan would not be left without an adequate remedy at law since dismissal of his Adversary Proceeding merely means he must proceed with his claims in the District Court Suit. Under these facts, it is difficult to see how Mr. Krishnan, or any other party, would be unfairly prejudiced by a dismissal, especially since his claims will be reviewed by the same judge of the same court through a more streamlined process of adjudication.

Ultimately, this court may affirm the dismissal order on any grounds supported by the record. *Sobranes Recovery*, 509 F.3d at 221. This court also has original and exclusive jurisdiction over Mr. Krishnan's bankruptcy proceedings. *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011). The case was simply referred to the bankruptcy court for administrative convenience. *See id.* at 2603–04; General Order 84-14. The final decision regarding whether the Adversary Proceeding should be dismissed rests with this court. It is much easier, and less costly to the Parties, for the court to affirm the dismissal order given that the main bankruptcy proceeding was properly dismissed.

**E. The bankruptcy court did not err in awarding attorney's fees to Collin County.**

Although Mr. Krishnan appealed the attorney's fees award, he did not brief the issue on appeal. The bankruptcy court's award of attorney's fees is reviewed for an abuse of discretion. *In*

13

*re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). On June 29, 2016, the bankruptcy court awarded Collin County the sum of $1,785.00 in attorney's fees to be collected from Mr. Krishnan. Bankr. Case, 16-40342, Atty's Fees Order, DOC. # 53. This amount was awarded pursuant to Federal Rule of Civil Procedure 45(d)(1). *Id.*

> Rule 45(d)(1) states:
>
> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden and expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earning and reasonable attorney's fees—on a party or attorney who fails to comply.

As stated above, the bankruptcy court set a hearing for June 21, 2016, on the two motions to dismiss filed in the Adversary Proceeding. At that hearing, Collin County presented evidence showing that Mr. Krishnan subpoenaed two employees of Collin County (one was an investigator with the District Attorney's office and the other was a deputy district clerk) to appear at the hearing on the motions to dismiss. Transcript of Hearing, DOC. # 12, at pp. 16–17. The subpoenas were issued on June 1, 2016. Adversary Proceeding, 16-04033, DOC. ## 29-1, 29-2. Collin County presented emails tending to show that on June 6, 2016, its counsel, Robert J. Davis, emailed Mr. Krishnan asking him to withdraw the two subpoenas and stating that failure to withdraw the subpoenas would result in Collin County filing "appropriate motion(s) with the Bankruptcy Court." Adversary Proceeding, 16-04033, DOC. # 29-3, p. 2. Mr. Krishnan responded that same day, stating that he would not withdraw the subpoenas. *Id.* at p.1 In response, Mr. Davis informed Mr. Krishnan that the June 21, 2016 hearing was "on a Motion to Dismiss which is not an evidentiary hearing." *Id.* He further warned that "[t]here should not be any live testimony." *Id.* Mr. Davis again asked Mr. Krishnan to withdraw the subpoenas and stated that failure to withdraw the

14

subpoenas would lead to Collin County "filing a motion to quash and for sanctions." *Id.*

The record does not show whether Mr. Krishnan responded to Mr. Davis's second email. However, on June 7, 2016, Collin County filed a motion to quash the subpoenas with the bankruptcy court. Adversary Proceeding, 16-04033, DOC. # 29.

At the hearing, Mr. Davis also presented an Order from Magistrate Judge Bush, in which he granted a similar motion to quash by Collin County. Adversary Proceeding, 16-04033, DOC. # 29-4. Mr. Davis presented Judge Bush's Order as evidence that Mr. Krishnan has previously propounded "inappropriate discovery" on various Collin County agencies. Transcript of Hearing, DOC. # 12, pp. 18:18–19:3.

This evidence tends to show that Mr. Krishnan attempted to subpoena two employees of Collin County to appear at a hearing where live testimony would not be allowed. Mr. Krishnan was warned by Mr. Davis that live testimony would not be presented and allowed Mr. Krishnan a chance to withdraw his subpoenas. Mr. Krishnan refused, causing Collin County to have to file pleadings with the bankruptcy court. The court concludes that the bankruptcy court did not abuse its discretion in awarding attorney's fees to Collin County.

As to the calculation of the attorney's fees, Mr. Davis testified at the hearing that he works for Collin County at a discounted rate of $150.00 per hour and that he spent 9.9 hours on this case prior to the hearing. Transcript of Hearing, DOC. # 12, p. 18:4–15. The bankruptcy concluded that $150.00 per hour was less than that charged by most inexperienced lawyers fresh out of law school. *Id.* at p. 18:19–21. The bankruptcy court also concluded that Mr. Davis had spent two hours at the June 21, 2016 hearing, making the total number of hours he worked 11.9. *Id.* at pp. 22:24–23:5. This led to a total attorney's fees award of $1,785.00. *Id.* The court finds this award reasonable and concludes that the bankruptcy court did not abuse its discretion in calculating the

award. The bankruptcy court's Order awarding $1,785.00 in attorney's fees to Collin County is affirmed.

## IV. CONCLUSION

The court concludes that the bankruptcy court did not err in denying confirmation of Mr. Krishnan's Amended Chapter 13 Plan. The court also concludes that the bankruptcy court did not abuse its discretion in dismissing Mr. Krishnan's Chapter 13 Petition or in awarding $1,785.00 in attorney's fees to Collin County. Since the bankruptcy court's decision to dismiss Mr. Krishnan's Chapter 13 Petition is affirmed, the court will also affirm the bankruptcy court's Order dismissing the Adversary Proceeding.

Prior to the entry of this Opinion, Mr. Krishnan filed a Motion to Expedite/Prioritize (DOC. # 20) his bankruptcy appeals. That motion is now moot.

IT IS THEREFORE ORDERED that the bankruptcy court's October 11, 2016 Order denying confirmation of Mr. Krishnan's Amended Chapter 13 Plan and dismissing his Chapter 13 Petition with prejudice (Bankr. Case, 16-40342, Dismissal Order, DOC. # 38) is hereby AFFIRMED.

IT IS FURTHER ORDERED that the bankruptcy court's June 29, 2016 Order awarding Collin County $1,785.00 in attorney's fees to be paid by Mr. Krishnan (Adversary Proceeding, 16-04033, Atty's Fees Order, DOC. # 53) is hereby AFFIRMED.

IT IS FURTHER ORDERED that the bankruptcy court's June 29, 2016 Order dismissing Mr. Krishnan's adversary proceeding (Adversary Proceeding, 16-04033, DOC. # 52) is hereby AFFIRMED.

IT IS FURTHER ORDERED that Mr. Krishnan's Motion to Expedite/Prioritize (DOC. # 20) is DENIED AS MOOT.

**So Ordered and Signed**
**Feb 7, 2017**

_____
Ron Clark, United States District Judge